**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MID ATLANTIC FRAMING, LLC,**
**on behalf of itself and all other similarly situated**
**beneficiaries of trust funds received, or to be**
**received by defendant Varish Construction, Inc.**
**Under Article 3-A of the New York Lien Law,**

          **Plaintiff,**

 vs.               **3:13-CV-01376**
                    **(MAD/DEP)**

**VARISH CONSTRUCTION, INC.; AVA REALTY**
**ITHACA, LLC; AVA DEVELOPMENT, LLC;**
**TOM VARISH, individually: AJESH PATEL, individually;**
**359 HOSPITALITY ASSOCIATES, LLC; SENECA**
**SUPPLY, LLC d/b/a THE DUKE COMPANY;**
**and "JOHN DOE NO. 1" through "JOHN DOE NO. 20",**
**inclusive, as those persons and entities having an interest in**
**real property located at 359 Elmira Road, Ithaca, New York,**
**and being designated as Tax Parcel Nos.: 128.-1-8 and**
**129.-1-9 on the Land and Tax Map of the City of Ithaca,**
**Tompkins County, New York, and a portion of Tax Parcel**
**Nos.: 129-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the**
**Land and Tax Map of the City of Ithaca, Tompkins County,**
**New York, and/or the trust funds received, or to be received by**
**VARISH CONSTRUCTION, INC. for the improvement of**
**said property,**

          **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **MARCO & SITARAS, PLLC**<br>33 Whitehall Street, 16th Floor<br>New York, New York 10004<br>Attorneys for Plaintiff | **GEORGE SITARAS, ESQ.** |
| **COOPER ERVING & SAVAGE LLP**<br>39 North Pearl Street<br>Albany, New York 12207<br>Attorneys for Defendants AVA Realty<br>Ithaca, LLC, AVA Development LLC,<br>and Ajesh Patel | **BRIAN W. MATULA, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff commenced this action on November 5, 2013, seeking damages in connection with a construction project in which Plaintiff performed work as a subcontractor of Varish Construction, Inc. (together with owner/principal, Tom Varish, collectively "Varish") on property owned at the time by AVA Realty Ithaca, LLC (together with AVA Development LLC and Ajesh Patel, collectively "AVA"); Varish and AVA are co-defendants in this action. *See* Dkt. No. 1.

Currently before the Court are (1) AVA's motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and (2) Plaintiff's cross-motion for leave to file a second amended verified complaint.

**II. BACKGROUND**

**A.    Procedural Posture**

AVA filed the instant Rule 12(c) motion on June 2, 2014. *See* Dkt. No. 31. In response to Plaintiff's letter motion submitted on June 6, 2014, the Court issued a Text Order on June 9, 2014, resetting the deadlines as to the pending motion for judgment on the pleadings. *See* Dkt. No. 37. The deadlines for the responsive pleading and reply were reset to July 30, 2014, and August 5, 2014, respectively. *See id.* Both the responsive cross-motion and the reply were timely filed. *See* Dkt. Nos. 48-50.

On September 9, 2014, the Court issued a Text Order staying this case pending the resolution of the U.S. Bankruptcy Case in the Middle District of Pennsylvania[1] involving Varish Construction, Inc. *See* Dkt. No. 57. The bankruptcy case has since been resolved, and this Court

---

[1] No. 1:14-bk-03677-RNO.

accordingly lifted the stay on June 11, 2015. *See* Dkt. No. 63. Varish has not appeared to defend against the present action.

**B.     Factual Background**

In September 2012, Plaintiff entered into a subcontract with Varish, whereby Plaintiff would furnish and install certain framing and carpentry work for the construction of "Fairfield Inn and Suites," located at 359 Elmira Road, Ithaca, New York 14850. *See* Dkt. No. 48-3 at ¶¶ 17-18. The primary contract was executed between Varish and AVA; the subcontract price was $721,000. *See id.*

"During the course of the project, Varish directed Plaintiff to perform extra work in the amount of $11,740.00, thereby adjusting the contract price upward to $732,740.00." *Id.* at ¶ 19. Plaintiff claims that it substantially completed the work required under the subcontract, but was paid only $115,000, leaving a remaining balance of $617,740 still due to Plaintiff. *Id.* at ¶ 20. On March 28, 2013, Plaintiff filed a Notice of Mechanic's Lien in Tompkins County against the property in the amount of $600,960. *See id.* at ¶ 92.

On June 12, 2013, AVA filed a petition in the state supreme court in Tompkins County seeking summary discharge of the mechanics lien. *See id.* at ¶ 102. The court dismissed the petition because it did not find the lien to be facially defective. *See* Dkt. No. 31-7. Plaintiff claims that Varish and AVA falsely represented, both to the state supreme court and the Wilmington Savings Fund Society ("WSFS"),[2] that AVA had paid Varish in full for Plaintiff's work. *See id.* at ¶ 104. Plaintiff alleges that these false statements were fraudulently made to give the appearance that no funds were due to Varish from AVA at the time Plaintiff's lien was

---

[2] WSFS is additionally named as a defendant in Plaintiff's proposed second amended verified complaint. *See* Dkt. No. 48-3 at ¶¶ 170-204.

filed; the purpose of the fraud being to procure the discharge of the lien. *See id.* at ¶¶ 105-06. Plaintiff asserts that (1) AVA knew of the falsity of the statements or had a hand in crafting them; (2) AVA submitted these false certifications to WSFS to obtain advances on the building loan; and (3) these advances were due in trust to Plaintiff but never paid. *See id.* at ¶¶ 112-14.

AVA commenced a state-court action in Tompkins County on September 24, 2014, seeking a declaratory judgment that the mechanics lien asserted by Mid Atlantic is null and void because all contractual obligations between AVA and the primary contractor (Varish) had been fulfilled. *See* Dkt. No. 31-8. On August 14, 2015, Plaintiff's counsel informed this Court that its motion to dismiss the state-court action had been granted. *See* Dkt. No. 54. Consequently, AVA's abstention argument for the dismissal of Plaintiff's ninth count for foreclosure is moot.

The remainder of AVA's motion for partial judgment on the pleadings seeks dismissal of Plaintiff's tenth and twelfth counts of the amended complaint and the denial of Plaintiff's motion for leave to file a second amended complaint. Specifically, AVA argues that the tenth cause of action for fraud and the twelfth cause of action for aiding and abetting fraud and breach of fiduciary duty should be dismissed on the grounds of res judicata, or in the alternative, for failure to state a claim. *See* Dkt. No. 31-1.

### III. DISCUSSION

**A.  Standard of Review**

*1. Judgment on the Pleadings*

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the non-movant's claim for

4

relief, without regard to the merits of the claim. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). When determining the legal sufficiency of a claim, a court must accept as true all well-pleaded allegations contained within the pleading as construed most favorably to the claimant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth does not extend to "mere conclusory" legal statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To withstand a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim," with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Factual allegations [contained in the pleading] must be enough to raise a right of relief above the speculative level." *Id.* at 555. But this standard does not call for a determination of probability and may indeed be satisfied even if "actual proof of those facts" alleged is improbable. *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed[,]" *id.* at 570.

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself" unless all parties are given a reasonable opportunity to submit extrinsic evidence. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006); *Robinson v. Town of Kent*, No. 11 Civ. 2875, 2012 WL 3024766, *4 (S.D.N.Y. July 24, 2012) (citing *Roth v.

*Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)) ("[A] district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein."). However, "the Court may consider documents attached as an exhibit thereto . . . that are 'integral' to plaintiff's claims, . . . and matters of which judicial notice may be taken." *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (alteration in original) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). "[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers*, 282 F.3d at 153 (footnote omitted).

### 2. Leave to Amend a Complaint

Leave to amend a complaint "shall be freely given when justice so requires[,]" and a district court has broad discretion to determine whether such leave is appropriate. Fed. R. Civ. P. 15(a); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam). A decision pursuant to this discretion is not subject to review on appeal, except for abuse of discretion. *See Ruffolo*, 987 F.2d at 131. "Where it appears that granting leave to amend is unlikely to be productive," or where a proposed amendment would be futile, "it is not an abuse of discretion to deny leave to amend." *Id.* at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

**B.    Res Judicata**

The doctrine of res judicata, or claim preclusion, "preclude[s] later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)) (other citation omitted). Additionally, once a final judgment has been entered by a court of competent jurisdiction, "the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id.* at 190 (internal quotation marks omitted). "Such a judgment precludes the subsequent litigation both of issues actually decided in determining the claim asserted in the first action[] and of issues that could have been raised in the adjudication of that claim." *Colonial Acquisition P'ship v. Colonial at Lynnfield, Inc.*, 697 F. Supp. 714, 717-18 (S.D.N.Y. 1988) (quoting *Nat'l Labor Relations Bd. v. United Techs. Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983)).

AVA asserts that the state court's denial of the parties' motions for sanctions in the summary proceeding precludes Plaintiff's fraud claim.[3] *See* Dkt. No. 31-1 at 9-10. AVA's argument is wholly unavailing. First, the denial of a motion for sanctions does not constitute a final judgment on the merits, and indeed, failing this threshold issue renders res judicata entirely inapplicable. Even setting aside this failure, res judicata would still not serve to preclude Plaintiff's claims. The state court only retained jurisdiction over the summary proceeding to the extent that it considered discharging the lien for any *facial* defects. *See* N.Y. Lien Law § 19(6). The state court properly acknowledged that it lacked jurisdiction under New York law to consider any substantive objections to the lien. *See* Dkt. No. 31-7. As such, it is clear that the state court

---

[3] The Court takes notice of the state-court decision dismissing AVA's petition to discharge the lien. *See* Dkt. No. 31-7.

lacked jurisdiction to consider allegations of fraud/misrepresentation or aiding-and-abetting liability. The present action — encompassing, *inter alia*, claims for fraud, unjust enrichment, breach of contract, and diversion of trust funds, in addition to foreclosure on the mechanic's lien — is a far cry from constituting the "same cause of action" as the summary proceeding in light of this jurisdictional limitation. Accordingly, the Court finds the doctrine of res judicata inapplicable.

**C.     Tenth Cause of Action for Fraud**

*1. Common-Law Fraud*

"To prove common law fraud under New York law, a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.*" Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995) (citations omitted). "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

AVA does not contest that Plaintiff has pled the first two elements of common-law fraud with sufficient particularity as is required by Rule 9(b).[4] *See* Dkt. No. 31-1 at 8. AVA does, however, contend that Plaintiff has failed to sufficiently allege facts supporting the reliance and damage elements of its claim. *See id.* at 8-9. AVA asserts, correctly, that Plaintiff does not claim

---

[4] In the tenth count of the proposed second amended complaint, Plaintiff alleges the following facts sufficient to sustain the first two elements: AVA made a material false representation by submitting the certification of Tom Varish to the state court and to WSFS; AVA knew that the certification contained false statements; AVA had assisted in drafting the certification; AVA intended thereby to fraudulently deprive Plaintiff of its rights and induce WSFS to make advances under the building loan for Plaintiff's yet-uncompensated work. *See* Dkt. No. 48-3 at 18-19.

8

to have relied on the alleged false representation; and furthermore, that because the discharge AVA allegedly sought in making the false representation to the court was ultimately denied, Plaintiff has not suffered actual damages. *See id.* at 9. However, Plaintiff's proposed second amended complaint alleges further that AVA also submitted the certification to WSFS. *See* Dkt. No. 48-3 at 18-19. Plaintiff claims that WSFS made building loan advances to AVA, which were due in trust to Plaintiff but never paid, in reliance upon AVA's false certification. *Id.* As a result, Plaintiff suffered damages amount to at least $617,740 — the unpaid amount due both under the subcontract and in trust under New York Lien law. *See id.* Stated succinctly, Plaintiff claims that AVA is liable for fraud because AVA fraudulently induced the reliance of WSFS and Plaintiff suffered damages as a result. The sufficiency of Plaintiff's claim therefore turns upon whether, under New York law, a cause of action for common-law fraud can be predicated upon the reliance of a party other than the plaintiff.

### 2. *Third-Party Reliance*

There has been considerable confusion among both state and federal courts in New York regarding whether, under New York law, a plaintiff may predicate a claim of common-law fraud upon the reliance of a third party where, as here, the fraudulent representations were not directly made to the plaintiff and the plaintiff did not directly rely upon those representations, and the plaintiff would not have suffered damages but for the fraud of the defendant. *Compare Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*, 148 F.3d 194, 196 (2d Cir. 1998) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 n.8 (S.D.N.Y. 1992)) ("[A] plaintiff does not establish the reliance element of fraud for purposes of ERISA or New York law by showing only that a third party relied on defendant's false statements."), *and City of N.Y. v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008)

9

(same), *and Trs. of the United Health & Welfare Fund v. N. Kofsky & Son, Inc.*, No. 08 Civ. 11219(KNF), 2015 WL 59173, *11 (S.D.N.Y. Jan. 5, 2015) (same), *and Pasternack v. Lab. Corp. of. Am.*, No 10 Civ. 4426(PGG), 2014 WL 4832299, *15 (S.D.N.Y. Sept. 28, 2014) (arguing that the Court of Appeals has not directly addressed third-party reliance), *with Chevron Corp. v. Dozinger*, 871 F. Supp. 2d. 229, 257 (S.D.N.Y. 2012) ("[T]his Court concludes that the New York Court of Appeals' previous decisions allowing recovery for common law fraud based on third party reliance remain authoritative and, in any case, that that Court, were it faced with the question anew, would adhere to that position."), *and Prestige Builder & Mgmt. LLC v. Safeco Ins. Co. of Am.*, 896 F. Supp. 2d 198, 203 (E.D.N.Y. 2012) (citing *Chevron*, 871 F. Supp. 2d. at 257) (holding that the "doctrine of third-party reliance" exists under New York law).

This vexing potpourri of federal judgments is rooted in disagreement over the correct application of three nineteenth-century decisions rendered by the New York Court of Appeals. Some courts have interpreted these cases as explicitly holding that the reliance element of a common-law fraud claim may indeed be predicated upon third-party reliance. *Bruff v. Mali*, 36 N.Y. 200, 205-06 (N.Y. 1867) (holding that the defendant who had falsely authenticated and issued certificates was liable to all purchasers relying on the defendant's authentications even if purchased from a party other than the defendant); *Rice v. Manley*, 66 N.Y. 82, 87 (1876) ("The mere forms . . . of fraud[] are of little importance; it matters not whether the false representations be made to the party injured or to a third party, whose conduct is thus influenced to produce the injury, or whether it be direct or indirect in its consequences. Schemes of fraud may be . . . cunningly devised . . . but they must not escape condemnation"); *Eaton, Cole & Burnham Co. v. Avery*, 83 N.Y. 31, 33-34 (1880) (citing *Bruff*, 36 N.Y. at 205-06) ("[I]t is not essential that a

representation should be addressed directly to the party who seeks a remedy for having been deceived and defrauded by means thereof").

Further obfuscating the issue, the appellate divisions "have split on the issue[,] in some cases within the same department[,] and without citing contrary decisions." *See Chevron*, 871 F. Supp. 2d at 257. *Compare Litvinov v. Hodson*, 74 A.D.3d 1884, 1885 (4th Dept. 2010) (quoting *Ruffing v. Union Carbide Corp.*, 308 A.D.2d 526, 528 (2d Dept. 2010) ("[F]raud may be found 'where a false representation is made to a third party, resulting in injury to the plaintiff' . . . ."), *with Garelick v. Carmel*, 141 A.D.2d 501, 502 (2d Dept. 1988) (stating that a complaint "must set forth all of the elements of fraud including the making of material representations by the defendant to the plaintiff"), *and Escoett & Co. v. Alexander & Alexander, Inc.*, 31 A.D.2d 791, 791 (1st Dept. 1969) (same).

Fortunately, the Southern District recently engaged in a thorough analysis of the nineteenth-century cases in order to determine whether they indeed stand, as they are often taken, for the proposition that a plaintiff may bring a claim for common-law fraud based on third-party reliance. *See Pasternack*, 2014 WL 4832299, at *17; *see also Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 269-70 (E.D.N.Y. 2014) (adopting the reasoning of the court in *Pasternack*). This Court is convinced by the reasoning in *Pasternack* and agrees that neither *Eaton* nor *Bruff* stands for such a proposition. Indeed, in *Eaton*, "[t]he court held that 'if A. makes [a false] statement to B. for the purpose of being communicated to C.[,] or intending that it shall reach and influence him, [A.] can be . . . held [liable to C.].'" *Pasternack*, 2014 WL 4832299, at *17 (alterations in original) (quoting *Eaton*, 83 N.Y. at 35). Such is also the holding in *Bruff*. *Id.* (citing *Bruff*, 36 N.Y. at 200-02). The principle articulated in *Eaton* and *Bruff* is that liability may be imposed for misrepresentations that are intended to be, and are in fact, communicated to a

11

plaintiff through a third party and are thereby relied upon to the plaintiff's pecuniary detriment. When construed narrowly as standing for this principle — as opposed to broadly establishing fraud liability for damages resulting from third-party reliance — the holdings of both *Eaton* and *Bruff* are perfectly consistent with contemporary Court of Appeals rulings. *See, e.g.*, *Secs. Investor Prot. Corp. v. BDO Seidman, L.L.P.*, 746 N.E.2d 1042, 1047 (N.Y. 2001).

The Court also agrees that "fraud" as discussed in *Rice* does not correspond to the contemporary fraud cause of action and "reflects an antiquated and simplistic view of the elements of a fraud claim that has long since been superseded." *Pasternack*, 2014 WL 4832299, *18. In support of this assertion, it is worth noting that the relational structure of tort law is such that liability is imposed where a tortfeasor breaches a duty owed *to the plaintiff*. The breach of duty a tortfeasor commits by fraud is perhaps best understood as "an interference with [plaintiff's] interest in being able to make . . . decisions . . . free of misinformation generated by others." *See* John C.P. Goldberg et al., *The Place of Reliance in Fraud*, 48 Ariz. L. Rev. 1001, 1002-03 (2006). "Indeed, the word 'fraud' is a source of great mischief in tort law precisely because it is used not only as the name of a discrete cause of action, but also to refer to any misrepresentation by which some other tort or statutory wrong is perpetrated." *Id.* at 1003; *see, e.g.*, *Bridge v. Phoenix Bond Indem. Co.*, 553 U.S. 639, 652-656 (2008) (noting that although RICO violations are predicated upon "fraud offenses" it does not necessitate that a common-law first-party reliance element is incorporated into a RICO claim). "[W]hile it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it." *Bridge*, 553 U.S. at 656. In fact, "the Restatement [(Second) of Torts] specifically recognizes 'a cause of action' in favor of the injured party where the defendant 'defrauds another for the purpose of

12

causing pecuniary harm to a third person.'" *Id.* at 657 (citing the Restatement (Second) of Torts § 435A, Cmt. *a.*). However, under New York common law, the action is one for tortious interference (with business or contractual relations) and not for common-law fraud. *See, e.g.*, *Lamb v. Cheney & Son*, 125 N.E. 817, 817-18 (N.Y. 1920) (recognizing a cause of action for tortious interference). The facts in *Rice* are clearly analogous to a cause of action for tortious interference and not to an action for fraud as articulated by the New York Court of Appeals in contemporary authority.[5]

Based on the foregoing analysis, the Court applies *Cement & Concrete* and finds that under New York law, Plaintiff has not sufficiently stated a claim for common-law fraud by pleading damages resulting from the reliance of a third party. The Court therefore grants AVA's motion for partial judgment on the pleadings with respect to Plaintiff's tenth count of the complaint.

**D.     Twelfth Cause of Action for Aiding & Abetting Fraud and Breach of Fiduciary Duty**

To state a claim for aiding and abetting fraud under New York law, a plaintiff must plead facts showing (1) the existence of a fraud, (2) the defendant's knowledge of the fraud, (3) that the defendant provided substantial assistance to advance the fraud's commission, and (4) damages. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 446 F. Supp. 2d 163, 201 (S.D.N.Y. 2006) [hereinafter *Montreal*]. Since the Court has already determined that Plaintiff has failed to plead a cause of action for fraud, there is no predicate fraud claim that can serve as the basis for aiding-and-abetting liability. Therefore, AVA's motion for partial judgment on the pleadings is granted with respect to aiding and abetting fraud.

---

[5] In *Rice*, a defendant who, with knowledge of an existing agreement between plaintiff and a third party, posed as the plaintiff and sent a telegraph to the third party fraudulently indicating the counterfactual repudiation of the plaintiff in order to induce the third party to sell the cheese to the defendant. *See Rice*, 66 N.Y. at 84.

13

To state a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must allege "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir. 1986); *see also Kaufman v. Cohen*, 307 A.D.2d 113, 125 (N.Y. App. Div. 1st Dept. 2003). "[O]ne who knowingly participates with a fiduciary in a breach of trust is liable to the beneficiary for any damage caused thereby." *Newburger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1074 (2d Cir. 1977). Aiding-and-abetting liability may attach when a defendant affirmatively assists, helps conceal, or by omission of a duty to act enables the breach of fiduciary duty to proceed. *See Montreal*, 446 F. Supp. 2d at 201. "When a plaintiff adequately pleads such assistance, concealment, or failure to act, she fulfills . . . the 'participation' element of the breach of fiduciary duty-based claim." *Id.*

Plaintiff has pled a prima facie case for breach of fiduciary duty against Varish in the sixth count of the proposed amended complaint.[6] *See* Dkt. No. 48-3 at ¶¶ 64-71. Plaintiff has alleged that "AVA . . . assisted Varish . . . in the preparation of false documents, as well as submitted an affidavit . . . even though such statement(s) was false." *See id.* at ¶ 124. This clearly constitutes "affirmative assistance" amounting to "participation" and gives rise to very strong inference of knowledge. However, AVA contests the existence of a bona fide fiduciary duty at the times during which AVA acted in alleged "participation" on the grounds that a trustee's fiduciary duty springs from receipt of the funds to be held in trust. Since Varish had not received funds at the

---

[6] "Under New York law, the elements of a claim for breach of fiduciary duty are: '(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom.'" *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 352 (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011)). Plaintiff has alleged that Varish (1) owed Plaintiff a fiduciary duty under New York Lien Law Article 3-A, (2) breached that duty by diverting, misappropriating, or disbursing trust assets as well as failing to properly keep and maintain books and records, and (3) Plaintiff was damaged in the amount of the diverted or misappropriated trust assets. *See* Dkt. No. 48-3 at ¶ 70.

14

time of AVA's alleged actions, Varish had no duty that AVA could have assisted in breaching. *See* Dkt. No 31-1 at 13. AVA argues that because Plaintiff alleges that Varish breached his fiduciary duty by diverting or misappropriating funds received from AVA, and since any actions amounting to participation occurred prior to the "creation of the duty alleged to have been breached," AVA cannot be said to have aided and abetted a breach of a fiduciary duty as one did not exist. *See* Dkt. No. 31-1 at 13; Dkt. No. 50-1 at 6. The Court disagrees. "Inducement" by its very nature must be causally prior to the breach of duty induced. It cannot be sensibly argued that this priority necessarily absolves a party who induces such a breach from liability for damages that are proximately caused thereby.[7] Moreover, the pleadings make abundantly clear that Plaintiff does not actually know the location of the funds and has comprehensively pled alternative theories to account for the plausible possibilities. That is, of course, the very point of pleading in the alternative. *See Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994). AVA seems to take issue with Plaintiff's inconsistent claims, *see* Dkt. No. 50-1 at 6, however, "[u]nder Rule 8(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency." *Id.* at 95. Indeed, testing for facial plausibility, the Court finds Plaintiff's claim for aiding and abetting breach of fiduciary duty to be sufficiently pled as to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Accordingly, AVA's motion for partial judgment on the pleadings is denied with respect to Plaintiff's claim for aiding and abetting breach of fiduciary duty in the twelfth count of the proposed second amended complaint.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the

---

[7] AVA has not offered any authority supporting its position, nor can the Court find any precedent articulating such a principle.

applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Defendant AVA's motion for partial judgment on the pleadings is **GRANTED in part** and **DENIED in part**;[8] and the Court further

**ORDERS** that Plaintiff's cross-motion for leave to file a second amended verified complaint is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall file a signed copy of its Second Amended Verified Complaint, with such alterations as are consistent with this Memorandum-Decision and Order, within **TEN (10) DAYS**; and the Court further

**ORDERS** that Plaintiff shall serve a copy of the Second Amended Verified Complaint on the additionally named Defendant, Wilmington Savings Fund Society, FSB, within **TWENTY-ONE (21) DAYS**, in compliance with the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 24, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[8] The motion is (1) *granted* with respect to Plaintiff's cause of action for common-law fraud, which is contained in the tenth count of the amended complaint; (2) *granted* with respect to Plaintiff's cause of action for aiding and abetting fraud, which is contained in the twelfth count of the amended complaint; (3) *denied* with respect to Plaintiff's cause of action for aiding and abetting breach of fiduciary duty, which is contained in the twelfth count of the proposed second amended verified complaint; and (4) *denied* with respect to abstention. The motion is further denied to the extent not otherwise specified in this Memorandum-Decision and Order.