**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MID ATLANTIC FRAMING, LLC,**
**on behalf of itself and all other similarly situated**
**beneficiaries of trust funds received, or to be**
**received by defendant Varish Construction, Inc.**
**Under Article 3-A of the New York Lien Law,**

                              **Plaintiff,**

      **vs.**                                                    **3:13-CV-01376**
                                                            **(MAD/DEP)**


**VARISH CONSTRUCTION, INC.; AVA REALTY**
**ITHACA, LLC; AVA DEVELOPMENT, LLC;**
**TOM VARISH, individually: AJESH PATEL, individually;**
**359 HOSPITALITY ASSOCIATES, LLC; SENECA**
**SUPPLY, LLC d/b/a THE DUKE COMPANY;**
**and "JOHN DOE NO. 1" through "JOHN DOE NO. 20",**
**inclusive, as those persons and entities having an interest in**
**real property located at 359 Elmira Road, Ithaca, New York,**
**and being designated as Tax Parcel Nos.: 128.-1-8 and**
**129.-1-9 on the Land and Tax Map of the City of Ithaca,**
**Tompkins County, New York, and a portion of Tax Parcel**
**Nos.: 129-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the**
**Land and Tax Map of the City of Ithaca, Tompkins County,**
**New York, and/or the trust funds received, or to be received by**
**VARISH CONSTRUCTION, INC. for the improvement of**
**said property,**

                              **Defendants.**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**MARCO & SITARAS, PLLC**                   **GEORGE SITARAS, ESQ.**
33 Whitehall Street, 16th Floor
New York, New York 10004
Attorneys for Plaintiff


**CORWIN & CORWIN, LLP**                    **CHARLES F. AHERN, ESQ.**
600 Unicorn Park
Woburn, Massachusetts 01801
Attorneys for Plaintiff


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on November 5, 2013, seeking damages in connection

with a construction project in which Plaintiff performed work as a subcontractor of Varish

Construction, Inc. (together with owner/principal, Tom Varish) on property owned at the time by

AVA Realty Ithaca, LLC (together with AVA Development LLC and Ajesh Patel, collectively

"AVA"). *See* Dkt. No. 1. In a July 24, 2015 Memorandum-Decision and Order, the Court

granted in part and denied in part AVA's motion for judgment on pleadings and granted Plaintiff's

cross motion for leave to file a second amended verified complaint. *See* Dkt. No. 68.

On August 4, 2015, Plaintiff filed its second amended complaint. *See* Dkt. No. 69. In the

second amended complaint, Plaintiff added Wilmington Savings Fund Society, FSB ("WSFS") as

a Defendant in this action. *See id.* Currently before the Court is Defendant WSFS's motion to

dismiss the claims asserted against it in the second amended complaint. *See* Dkt. No. 82.

Thereafter, Plaintiff sought leave to file a third amended complaint. *See* Dkt. No. 115. On

December 7, 2016, Magistrate Judge Peebles heard oral argument in connection with the motion.

*See* Dkt. No. 129. At the close of argument, Magistrate Judge Peebles issued an oral decision

denying Plaintiff's motion to amend and to join a party. *See id.*; *see also* Dkt. No. 128. Plaintiff

has since appealed Magistrate Judge Peebles' December 7, 2016 decision. *See* Dkt. No. 130.

Currently before the Court is Plaintiff's appeal of Magistrate Judge Peebles' December 7,

2016 order and Plaintiff's motions for default judgment against Defendants Tom Varish and 359

Hospitality. *See* Dkt. Nos. 117-118, 130.

## II. BACKGROUND

This action arises out of the construction of a Fairfield Inn & Suites hotel in Ithaca, New York (the "Project"). Defendant AVA was the owner of the Project. AVA hired Varish as its general contractor which, in turn, hired Mid Atlantic to construct the building frame and shell.

In 2012, Defendant Varish, as general contractor, entered into a contract with Defendants AVA and AVA Development, as owner, for the construction of the Fairfield Inn & Suites. *See* Dkt. No. 69 at ¶ 17. In furtherance of the Project, in September 2012, Varish hired Plaintiff Mid Atlantic pursuant to a written subcontract, wherein Mid Atlantic agreed to furnish and install certain framing and/or carpentry work at the Property for the agreed upon subcontract price of $721,000.00 (the "Subcontract"). *See id.* at ¶ 18. According to Mid Atlantic, during the course of the Project, Varish directed Mid Atlantic to perform extra work in the amount of $11,740.00, thereby adjusting the contract price upward to $732,740.00. *See id.* at ¶ 19. Mid Atlantic contends that it "duly performed its agreement with Varish and substantially completed all of the work required of it under the subcontract, including the extra work, no part of which has been paid except the sum of $115,000.00, thereby leaving a balance due and owing Mid Atlantic in the sum of $617,740.00." *Id.* at ¶ 20; *see also* Dkt. No. 117-5 at ¶¶ 3-7.

### III. DISCUSSION

**A.    Motion for Leave to File a Third Amended Complaint**

The standard of review employed by this Court when considering appeals from the decision of a magistrate judge depends upon whether the challenged order is dispositive or nondispositive. *Compare* Fed. R. Civ. P. 72(a) (providing that "clearly erroneous" or "contrary to law" standard applies to review of nondispositive determinations by a magistrate judge), *with* Fed. R. Civ. P. 72(b) (providing that a magistrate judge's determination on dispositive matters subject to de novo review); *see also* 28 U.S.C. § 636(b)(1)(A) & (C). Courts in the Second Circuit have

generally considered motions to amend a complaint as nondispositive. *See Fielding v. Tolkaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (noting in dicta that a motion to amend is nondispositive that may be referred to a magistrate judge without the parties' consent and that a magistrate judge's order on such a motion is to be set aside only if it is clearly erroneous or contrary to law); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment, LTD.*, No. 11 CV 726, 2012 WL 3306612, *1 (E.D.N.Y. Aug. 13, 2012) (collecting cases and noting that cases treating motions to amend as dispositive predated *Fielding*); *Miles v. Levac*, No. 11-cv-671, 2014 WL 1338808, *1 n.2 (W.D.N.Y. Mar. 31, 2014).[1]

In its appeal, Plaintiff contends that Magistrate Judge Peebles order is clearly erroneous or contrary to law in the following respects:

> 1. The Magistrate Judge disregarded the proper legal standard used to determine when leave to amend should be granted under Fed. R. Civ. P. 15(a) (Dkt. No. 128: Order, at page 2; Tr. 19-20);
>
> 2. The Magistrate Judge improperly found that "the status of the case" warranted denial of the motion, when "the status of the case" is not a proper consideration under Fed. R. Civ. P. 15(a)(2) (Dkt. No. 128: Order, at page 2; Tr. 20);
>
> 3. Even assuming *arguendo* that by referencing "the status of the case", the Magistrate Judge was implying that there was some undue delay, prejudice or bad faith on the part of the movant, the Magistrate Judge never identified any undue

---

[1] Some courts in the Second Circuit have found that whether a motion to amend is dispositive or nondispositive is not a settled issue. *See Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 46 n.5 (E.D.N.Y. 2015) (citing cases). Further, some courts have suggested that such a motion is dispositive when it is denied, yet nondispositive when it is granted. *See id.* While the Court acknowledges this line of authority, the majority of caselaw since *Fielding* has held that motions to amend are nondispositive. The Court agrees with the majority view that motions to amend are nondispositive because it does not adjudicate or otherwise dispose of any pending claim or defense but instead merely prevents different and/or additional claims or defenses from being asserted. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006).

delay, undue prejudice or bad faith to support denying the motion (Dkt. No. 128: Order, at page 2; Tr. 19-20);

4.  The Magistrate Judge failed to consider the good cause shown for amending the scheduling order in this case -- including Plaintiff's diligence in seeking amendment and lack of undue prejudice to the non-moving parties, and particularly in view of the fact that the deadlines set forth in the scheduling order had expired while the case was stayed as a result of the Varish Bankruptcy, and a new date for impleading parties was never set by the court (Dkt. No. 128: Order, at page 2; Tr. 19-20);

5.  The Magistrate Judge improperly denied joinder of the Lien Discharge Bond Surety, Aegis, a necessary party under the New York Lien Law, without any consideration of the New York Lien Law, the liberal standard for joinder of a party, or regard for judicial economy, where the absence of Aegis means that the Court cannot accord complete relief to the parties on Plaintiff's cause of action for foreclosure of mechanic's lien (Dkt. No. 128: Order, at page 2; Tr. 20); and

6.  The Magistrate Judge overlooked and failed to make any determination with respect to Plaintiff's request to amend its complaint to delete claims and parties dismissed since the filing of the Second Amended Complaint, including amending the caption of the case accordingly pursuant to Fed. R. Civ. P. 10(a) (Dkt. No. 128: Order, at page 2).

Dkt. No. 130-1 at 7.

Initially, Plaintiff argues that Magistrate Judge Peebles failed to follow Rule 15(a)(2)'s standard requiring courts to "freely give leave [to amend] when justice so requires," where, as here, there is no prejudice or bad faith. Dkt. No. 130-1 at 8.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding this lenient standard, the decision to grant or deny leave to amend is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may properly deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

5

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*; *see also SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent"). However, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause [.]" The Second Circuit has held that, where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline[.]" *Parker*, 204 F.3d at 340.

"A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial of leave to amend where the plaintiffs delayed more than one year, discovery had been completed and a summary judgment motion was pending). "[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (citation omitted) (finding that the plaintiff acted with diligence in seeking leave to amend within two months of discovering the facts underlying its new cause of action); *but see Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (finding that the plaintiff's delay of nearly five months to evince "a lack of diligence").

Although the moving party's diligence is a district court's "primary consideration" in its

Rule 16(b) good cause inquiry, a court "also may consider other relevant factors including, in

particular, whether allowing the amendment of the pleading at this stage of the litigation will

prejudice defendants." *Kassner*, 496 F.3d at 244. An amendment is prejudicial to the non-moving

party if it "would 'require the opponent to expend significant additional resources to conduct

discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v.*

*City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quotation omitted).

In the present matter, Magistrate Judge Peebles held that, although the standard under

Rule 16 applies to Plaintiff's motion, Plaintiff failed to satisfy even the less rigorous standard

under Rule 15. *See* Dkt. No. 129 at 19-21. Specifically, Magistrate Judge Peebles ruled as

follows:

> All right, Counsel, I've given the matter a great deal of
> thought. Just a little history. This case, as I indicated, was filed on
> November 5, 2013, we are now -- the operative pleading in this case
> which was filed on August 4, 2015 is the second amended
> complaint. There have been two motions filed in the case. The first
> was filed in June of 2014 and decided in July of 2015. We also had
> a motion brought by the Wilmington Savings Fund Society that was
> decided by Judge D'Agostino in September of 2016.
>
> The uniform pretrial scheduling order that I issued in the
> case on April 4, 2014 set a joinder and amendment deadline of July
> 1, 2014. That was never extended by the court, so plaintiff's motion
> first implicates Rule 16 of the Federal Rules of Civil Procedure and
> under that rule, in order to extend a deadline that is set by a court in
> a scheduling order, the party requesting relief from the deadline
> must establish good cause. In this case, I do not believe that good
> cause has been established.
>
> But going beyond that and applying the analysis under 15(a)
> of the Federal Rules of Civil Procedure and also Rule 21 which
> governs joinder of parties, but basically applies the same generous
> standard, I must look then to whether, assuming I did grant relief
> from the joinder and amendment deadline, leave to amend and join
> a party should be granted at this late date, and in making that

7

analysis, I look at several relevant factors including undue delay, bad faith, dilatory tactics, undue prejudice, and futility.

I think there is a strong argument to be made on the issue of futility but I am not going to base my decision on futility. Instead, I am basing it, in addition to the Rule 16 issue which I just alluded to, I am basing it on the status of the case. The case was filed in November of 2013. As I mentioned during oral argument, it's my belief that if the motion was granted, the amended complaint will be met with a motion to dismiss, which will take several months to decide, there will be additional discovery potentially implicated, there will surely be one or two dispositive summary judgment motions or cross motions in the case which will delay the case even further, and I foresee that this case will still be pending in 2019 if I permit the amendment, which is unacceptable to me. So -- and as counsel indicated, if I deny the motion, plaintiff has every right to commence a separate action against the surety. Whether or not that action is ultimately consolidated into this case is a matter to be decided in the future. I understand that it may make sense to do that, but on the other hand, if it is going to unduly delay disposition of the merits of this case, then I or whoever deals with that motion may decide that consolidation is not appropriate.

In any event, applying the Rule 15(a) and Rule 21 standards, I also find that plaintiff's motion should be denied.

*Id.*

Having reviewed Magistrate Judge Peebles' oral decision, the Court finds that he correctly determined that Plaintiff failed to demonstrate good cause. Plaintiff's counsel admitted during oral argument that they first learned about the existence of the lien discharge bond in August or September of 2015. *See* Dkt. No. 129 at 10. Despite this knowledge, Plaintiff did not file its motion seeking leave to file a third amended complaint until October 31, 2016. Such a lengthy delay does not demonstrate diligence by Plaintiff.

Moreover, on October 23, 2015, a telephone conference was held before Magistrate Judge Peebles to discuss the status of the case. In the text minute entry, it states that Plaintiff's counsel expressed his intent to amend the complaint to, among other things, add the surety as a party in

8

this action and that Plaintiff's counsel anticipates filing the proposed amended complaint "within the next week to 10 days." As noted above, Plaintiff did not file its motion for leave to amend until October 31, 2016, some 374 days after Plaintiff first indicated its intention to add the surety as a party to this action. Plaintiff fails to provide any sufficient explanation for its delay.

Additionally, the record also makes clear that the nonmoving parties would be prejudiced if the Court were to permit Plaintiff to file a third amended complaint and add a new defendant. As Magistrate Judge Peebles noted, this case is nearly four-years old and amending the complaint at this stage will undoubtedly lead to another motion to dismiss and additional discovery by the newly added party. Such a course of action would undoubtedly result in months, if not years of delay in reaching a final resolution of this matter. Requiring the nonmoving parties to expend considerable additional resources and the significant delay would be unduly prejudicial. *See Ruotolo*, 514 F.3d at 192 (quotation omitted).

Finally, the Court finds that, even if the more liberal standard under Rule 15 applied to the present matter, Magistrate Judge Peebles still correctly determined that Plaintiff's motion should be denied. As discussed, Plaintiff's considerable delay after its discovery of the lien discharge bond and the prejudice that the nonmoving parties would suffer warrant denying Plaintiff's motion.

Based on the foregoing, the Court finds that Magistrate Judge Peebles did not clearly err in denying Plaintiff's motion for leave to file a third amended complaint.

## B.    Motions for Default Judgment

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation

omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

When seeking a default judgment, the Local Rules require the party to submit an affidavit attesting to the following:

> 1. The party against whom it seeks judgment is not an infant or an incompetent person;
>
> 2. The party against whom it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
>
> 3. The party has defaulted in appearance in the action;
>
> 4. Service was properly effected under Fed. R. Civ. P. 4;
>
> 5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and

6. The disbursements sought to be taxed have been made in the
action or will necessarily be made or incurred.

N.D.N.Y. L.R. 55.2(a).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'"  *Id.* at 190 (quotation omitted).

### *1. Defendant Tom Varish*

As to Defendant Tom Varish, Plaintiff has established through its complaint and moving papers that it is entitled to judgment in its favor.  According to the second amended complaint, Plaintiff was hired by Varish Construction, Inc. to perform wood framing for the Project, for the base contract price of $721,000.00, which was later increased to $732,740.00.  *See* Dkt. No. 69 at

11

¶¶ 18-19. Defendant Varish was a direct, officer and/or shareholder of Varish Construction at all relevant times.

On March 28, 28, 2013, Plaintiff filed a mechanic's lien on the property where the Project was located in the amount of $600,960.00 outstanding and due Plaintiff (the "Mechanic's Lien"). *See* Dkt. No. 117-1 at ¶ 6. According to the Affidavit of Plaintiff's Regional General Manager of Operations Gerald Simmer, sworn to on July 26, 2013, submitted in support of Plaintiff's motion to dismiss the petition of AVA Realty for summary discharge of Plaintiff's mechanic's lien, Plaintiff performed all of the work under the contract with the exception of minor punchlist work, as well as extra work. *See id.* at ¶ 7; Dkt. No. 117-5. Further, Plaintiff contends that the total value of work performed was $732,740.00, but Defendant Varish paid Plaintiff only $115,000.00. *See id.* As such, Plaintiff claims that the outstanding contract balance owed to it is $617,740.00. Additionally, Plaintiff alleges that the "total amount invoiced by [P]laintiff was $715,960.00, of which Varish paid [P]laintiff only $115,000.00, leaving a balance due and owing to [P]laintiff of $600,960.00. *See id.*; *see also* Dkt. No. 117-5 at ¶ 4.

The allegations in the second amended complaint are sufficient to establish Defendant Varish's liability as a matter of law.[2] Plaintiff's fourth, sixth and seventh causes of action sufficiently allege the improper diversion of trust funds, breach of fiduciary duty and constructive fraud under Article 3-A of the New York Lien Law in that Plaintiff contends that Varish Construction received funds in connection with a contract to improve real property and that these funds were trust assets that were required to be used to pay those who performed the work to improve the property. *See* Dkt. No. 69 at ¶¶ 34-49, 64-81. The complaint plausibly alleges that

---

[2] The Court notes that Plaintiff has only moved for default judgment against Defendant Varish as to the fourth, fifth, sixth, seventh, eighth and tenth causes of action. *See* Dkt. No. 117-2 at 2.

Defendant Varish, as an officer of Varish Construction, improperly diverted those funds. *See id.*;

*see also In re Lehr Const. Corp.*, No. 11-10723, 2015 WL 5174467, \*7-\*8 (S.D.N.Y. Sept. 2,

2015) (citations omitted).  Further, the Court finds that default judgment is proper as to the fifth

cause of action alleging fraud, relating to misrepresentations made by Defendant Varish regarding

payments that were never made that induced Plaintiff to perform work.  Similarly, Plaintiff is

entitled to judgment on the eighth count, which seeks an accounting of trust assets established

under the Lien Law.  Finally, the Court finds that Plaintiff has plausibly alleged the fraud set forth

in the tenth count in that the second amended complaint contends that Defendant Varish made

false statements with the intent to fraudulently procure a discharge of Plaintiff's mechanic's lien

by reason of payment in full by AVA and AVA Development to Varish Construction for all work

performed by Plaintiff.

Additionally, the Court finds that Defendant Varish has not answered or otherwise

responded to the summons and complaint and the time to do so has since long expired.  Further,

Plaintiff personally served Defendant Varish with the summons, complaint and amended

complaint at his dwelling.  *See* Dkt. No. 20.[3]  Additionally, the affidavit in support of the motion

for default judgment provides that Defendant Varish is not an infant, not an incompetent person,

and is not in military service.  *See* Dkt. No. 117-1 at ¶ 16.  Accordingly, the Court finds that

Plaintiff is entitled to default judgment as to liability against Defendant Varish.

In addition to seeking default judgment as to liability against Defendant Varish, Plaintiff

argues that "there is no just reason to delay holding an inquest to determine damages to be

---

[3] Although Defendant Varish was not served with the second amended complaint, service
was not required under Rule 5(a)(2) of the Federal Rules of Civil Procedure since Defendant
Varish was in default and the second amended complaint did assert any new claims for relief
against him.  *See* Fed. R. Civ. P. 5(a)(2); *see also MacIntyre v. JP Morgan Chase, Nat. Assoc.*,
No. 13-cv-1647, 2014 WL 128032, \*3-\*4 (D. Col. Jan. 14, 2014).

assessed against defendant Tom Varish." Dkt. No. 117-1 at ¶ 26. The Court disagrees. Courts regularly defer the damages inquest when default is entered against some but not all of the named defendants. *See, e.g., Pacific M. Intern. Corp. v. Raman Intern. Gems, Ltd.*, 888 F. Supp. 2d 385, 399-400 (S.D.N.Y. 2012); *Miele v. Greyling*, No. 94 Civ. 3674, 1995 WL 217554, *2-*3 (S.D.N.Y. Apr. 13, 1995). In addition to the desire to avoid inconsistent judgment, deferring the damages inquest pursuant to Rule 55(b)(2) with the damages aspect of the trial against the non-defaulting party is generally in the interests of judicial economy. *See id.* (quoting 6 Moore's *Federal Practice*, ¶ 55-06 at 55 n.22). Accordingly, the Court denies Plaintiff's request for a damages inquest at this time.

### 2. Defendant 359 Hospitality Associates, LLC

Defendant 359 Hospitality is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 359 Elmira Road, Ithaca, New York 14850. *See* Dkt. No. 118-1 at ¶ 5. Defendant 359 Hospitality is or was the fee owner of the Property, having an ownership interest in the Property by virtue of a deed made by AVA Realty as grantor, and 359 Hospitality as grantee, made on August 22, 2013, and recorded on September 30, 2013, in the Office of the Clerk of Tompkins County, New York. *See id.*

On March 28, 2013, Plaintiff filed a mechanic's lien on the property where the Project was located, *i.e.*, upon certain real property and premises situated at 359 Elmira Road, Ithaca, New York and which is known as Tax Parcel Nos.: 129.-1-8 and 129.-1-9 on the Land and Tax Map of the City of Ithaca, Tompkins County, New York, and a portion of Tax Parcel Nos.: 129.-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the Land and Tax Map of the City of Ithaca, Tompkins County, New York (the "Property") in the amount of $600,960.00 outstanding and due Plaintiff (the "Mechanic's Lien"). *See id.* at ¶ 6; Dkt. No. 69 at ¶¶ 89-100. As discussed above, the second

14

amended complaint provides that Plaintiff provided materials and services for the improvement of the Property, which Plaintiff alleges are valued at $732,740.00. *See* Dkt. No. 69 at ¶ 90. To date, only $115,000.00 has been paid, leaving an mount due and owing to Plaintiff of $617,740.00, plus interest. *See id.* at ¶ 91.

Plaintiff duly filed a Notice of Mechanic's Lien in the Office of the County Clerk, Tompkins County, against the Property in the sum of $600,960.00. *See id.* at ¶ 92. Copies of the Mechanic's Lien were served upon AVA Realty Ithaca, LLC, as well as Varish Construction by certified mail and first class mail. *See id.* at ¶ 93. The Mechanic's Lien contains all of the information required by the relevant sections of the Lien Law of the State of New York. *See id.* at ¶ 94. According to the Second Amended Complaint, to date, Defendants have not paid $600,960.00 which is currently due and owing to Plaintiff and the Mechanic's Lien has not been paid, discharged, satisfied or cancelled. *See id.* at ¶ 95. By reason of the foregoing, Plaintiff "Mid Atlantic demands judgment declaring that it has a just and valid lien upon the Property in the amount of $600,960.00 with interest from March 1, 2013, and that the equities of all defendants named in this action, and all persons claiming an interest in the Property be foreclosed of all equity or redemption or other interest in the Property; that the Property be sold as provided by law, and that, from the proceeds of such sale, Mid Atlantic be paid the amount of $600,960.00, plus interest thereon from March 1, 2013, and have judgment against defendant, Barish, AVA and 359 Hospitality for any deficiency." *Id.* at ¶ 100. Having reviewed the well-pleaded allegations in the second amended complaint, the Court finds that Plaintiff has sufficiently alleged Defendant 359 Hospitality's liability as to the ninth cause of action. *See Macquesten Gen. Contracting, Inc. v. HCE, Inc.*, 128 Fed. Appx. 782, 787 (2d Cir. 2005).

Further, the Court finds that Defendant 359 Hospitality has not answered or otherwise responded to the summons and complaint and the time to do so has since long expired. Additionally, since Defendant 359 Hospitality is a domestic limited liability company, Plaintiff properly effected service by personally serving the New York Secretary of State on November 19, 2013, with duplicate copies of the summons, complaint, amended complaint, and other case initiating documents, together with the statutory fee. *See* N.Y. Limited Liability Law § 303(a); Dkt. No. 15. Moreover, the affidavit in support of the motion for default judgment attests that Defendant 359 Hospitality is not an infant, not in military service, and not an incompetent person. *See* Dkt. No. 118-1 at ¶ 16. Finally, the Clerk of the Court entered default on October 13, 2016. *See* Dkt. No. 108. As such, the Court finds that Plaintiff has established that it is entitled to judgment as to liability at this point. Although it will enter judgment as to liability against Defendant 359 Hospitality as to the ninth cause of action, the Court finds that an assessment of damages is inappropriate at this time.[4]

Accordingly, the Court grants Plaintiff's motion for default judgment as to liability against Defendant 359 Hospitality as to the ninth cause of action.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's appeal of Magistrate Judge Peebles' December 7, 2016 order is **DENIED**; and the Court further

---

[4] Although Plaintiff mentions the possibility of the Court immediately assessing damages, it provides no arguments why the Court should do so at this time. *See* Dkt. No. 118-1 at ¶¶ 23-26.

**ORDERS** that Plaintiff's motion for default judgment against Defendant Varish as to the fourth, fifth, sixth, seventh, eighth and tenth causes of action (Dkt. No. 117) is **GRANTED** as to liability; and the Court further

**ORDERS** that Plaintiff's motion for default judgment against Defendant 359 Hospitality Associates, LLC as to the ninth cause of action (Dkt. No. 118) is **GRANTED** as to liability; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 11, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge