**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

MID ATLANTIC FRAMING, LLC,
on behalf of itself and all other similarly situated
beneficiaries of trust funds received, or to be
received by defendant Varish Construction, Inc.
Under Article 3-A of the New York Lien Law,

                          **Plaintiff,**

    vs.                                        3:13-CV-01376
                                              (MAD/DEP)

VARISH CONSTRUCTION, INC.; AVA REALTY
ITHACA, LLC; AVA DEVELOPMENT, LLC;
TOM VARISH, individually; AJESH PATEL, individually;
359 HOSPITALITY ASSOCIATES, LLC; SENECA
SUPPLY, LLC d/b/a THE DUKE COMPANY;
and "JOHN DOE NO. 1" through "JOHN DOE NO. 20",
inclusive, as those persons and entities having an interest in
real property located at 359 Elmira Road, Ithaca, New York,
and being designated as Tax Parcel Nos.: 128.-1-8 and
129.-1-9 on the Land and Tax Map of the City of Ithaca,
Tompkins County, New York, and a portion of Tax Parcel
Nos.: 129-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the
Land and Tax Map of the City of Ithaca, Tompkins County,
New York, and/or the trust funds received, or to be received by
VARISH CONSTRUCTION, INC. for the improvement of
said property,

                          **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **MARCO & SITARAS, PLLC**<br>33 Whitehall Street, 16th Floor<br>New York, New York 10004<br>Attorneys for Plaintiff | **GEORGE SITARAS, ESQ.** |
| **CORWIN & CORWIN, LLP**<br>600 Unicorn Park<br>Woburn, Massachusetts 01801<br>Attorneys for Plaintiff | **CHARLES F. AHERN, ESQ.** |
| **COOPER ERVING & SAVAGE, LLP** | **CARLO C. DE OLIVEIRA, ESQ.** |

39 North Pearl Street                                **DAVID C. ROWLEY, ESQ.**
4th Floor
Albany, New York 12207
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

Plaintiff commenced this action on November 5, 2013, seeking damages in connection with a construction project in which Plaintiff performed work as a subcontractor of Varish Construction, Inc. (together with owner/principal, Tom Varish) on property owned at the time by AVA Realty Ithaca, LLC (together with AVA Development LLC and Ajesh Patel, collectively "AVA"). *See* Dkt. No. 1. In a July 24, 2015 Memorandum-Decision and Order, the Court granted in part and denied in part AVA's motion for judgment on pleadings and granted Plaintiff's cross motion for leave to file a second amended verified complaint. *See* Dkt. No. 68.

On August 4, 2015, Plaintiff filed its second amended complaint. *See* Dkt. No. 69. In the second amended complaint, Plaintiff added Wilmington Savings Fund Society, FSB ("WSFS") as a Defendant in this action. *See id.* After the dismissal of WSFS, Plaintiff sought leave to file a third amended complaint. *See* Dkt. No. 115. On December 7, 2016, Magistrate Judge Peebles heard oral argument in connection with the motion. *See* Dkt. No. 129. At the close of argument, Magistrate Judge Peebles issued an oral decision denying Plaintiff's motion to amend and to join a party. *See id.*; *see also* Dkt. No. 128. Plaintiff has since appealed Magistrate Judge Peebles' December 7, 2016 decision. *See* Dkt. No. 130. Finally, on September 11, 2017, the Court entered default judgment as to Defendants Tom Varish and Varish Construction. *See* Dkt. No. 151.

Currently pending before the Court are the parties' cross-motions for summary judgment and Plaintiff's letter motion requesting a telephone conference. This Memorandum-Decision and Order addresses solely the issues raised in the pending letter motion.

This action arises out of the construction of a Fairfield Inn & Suites hotel in Ithaca, New York (the "Project"). Defendant AVA was the owner of the Project. AVA hired Varish as its general contractor which, in turn, hired Mid Atlantic to construct the building frame and shell.

In 2012, Defendant Varish, as general contractor, entered into a contract with Defendants AVA and AVA Development, as owner, for the construction of the Fairfield Inn & Suites. *See* Dkt. No. 69 at ¶ 17. In furtherance of the Project, in September 2012, Varish hired Plaintiff Mid Atlantic pursuant to a written subcontract, wherein Mid Atlantic agreed to furnish and install certain framing and/or carpentry work at the Property for the agreed upon subcontract price of $721,000.00 (the "Subcontract"). *See id.* at ¶ 18. According to Mid Atlantic, during the course of the Project, Varish directed Mid Atlantic to perform extra work in the amount of $11,740.00, thereby adjusting the contract price upward to $732,740.00. *See id.* at ¶ 19. Mid Atlantic contends that it "duly performed its agreement with Varish and substantially completed all of the work required of it under the subcontract, including the extra work, no part of which has been paid except the sum of $115,000.00, thereby leaving a balance due and owing Mid Atlantic in the sum of $617,740.00." *Id.* at ¶ 20; *see also* Dkt. No. 117-5 at ¶¶ 3-7.

In its letter motion, Plaintiff seeks relief with respect to a declaration submitted in response to Plaintiff's motion for summary judgment. *See* Dkt. No. 152 at 1. Specifically, on August 23, 2017, the AVA Defendants submitted a declaration of Tom Varish with their opposition papers to Plaintiff's motion for summary judgment. *See id.*; Dkt. No. 147-5. Thereafter, on August 29, 2017, apparently recognizing that the Tom Varish Declaration was in inadmissible form, the AVA Defendants submitted a second version of the declaration along with its reply papers. *See* Dkt. No. 149-2. Plaintiff contends that the "AVA Defendants' submission of these different versions of the Tom Varish Declaration was surprising considering that Tom

3

Varish not only is in default in this action, but also evaded Mid Atlantic's subpoena, despite Mid Atlantic's diligent efforts to gain his compliance." Dkt. No. 152 at 1. The AVA Defendants, however, argue that the request for a telephone conference and any relief sought should be denied because his office did not exercise any influence or control over Tom Varish. *See* Dkt. No. 153 at 2. Counsel for the AVA Defendants contend that they were not in direct contact with Mr. Varish, and that they simply asked Defendant Patel to forward the declaration that counsel drafted to Mr. Varish for his signature. *See id.*

Having considered the parties' arguments, including those made in their respective summary judgment motions, the Court finds that consideration of Tom Varish's declaration would be unfairly prejudicial to Plaintiff. Although the AVA Defendants contend that they did not exercise any authority or control over Tom Varish, Defendant Patel was still able to communicate with him and have him sign a declaration in support of his position. While the AVA Defendants attempt to make light of this accomplishment, the signing of that declaration, which is prejudicial to Plaintiff's position, is the only contribution that Tom Varish has made to this litigation to date.

Plaintiff attempted to depose Tom Varish, but its subpoena was ignored. *See* Dkt. No. 148-14. Further, between April 13 and 18, 2017, Plaintiff's counsel attempted to call Mr. Varish sixteen times, both on his mobile phone and office phone. *See* Dkt. No. 148-20. Mr. Varish did not return any of these calls. *See* Dkt. No. 152 at 1-2. Additionally, Plaintiff attempted to reach Mr. Varish through his daughter and current employee, Megan Evans. *See id.* at 2. Ms. Evans was served a subpoena and appeared for a deposition, wherein she confirmed that she currently works in Tom Varish's office, and that she provided him with a copy of the subpoena and spoke with him about the case before attending her deposition. *See id.*; *see also* Dkt. No. 148-15 at 3-5. Further, when Ms. Evans informed Tom Varish that Plaintiff's counsel had been trying to contact

4

him for the past few weeks, Mr. Varish simply responded that "Varish Construction is bankrupt so he has nothing to do with it." Dkt. No. 148-15 at 4.

While the AVA Defendants and their attorneys may not technically have "control" over Tom Varish, Defendant Patel was able to get his signature on the declaration at issue. To permit its use at summary judgment without Plaintiff having an opportunity to depose Mr. Varish would be patently unfair. As such, the Court will reopen discovery for ten (10) days for the limited purpose of deposing Mr. Varish. If the AVA Defendants are unable to produce Mr. Varish for such a deposition, the declaration will be stricken and not considered at summary judgment. *See Plains Pipeline, L.P. v. Great Lakes Dredge & Dock Co.*, 54 F. Supp. 3d 586, 590-91 (E.D. La. 2014) (holding that a declaration that was introduced in reply to the motion for summary judgment of an individual that was not available for deposition and who would remain unavailable through the trial date would be stricken because it would be unfairly prejudicial to the plaintiff). Upon taking Mr. Varish's deposition, the Court will permit the parties to make necessary revisions to their pending motions.

Accordingly, the Court hereby

**ORDERS** that discovery is reopened for the limited purpose of deposing Tom Varish; and the Court further

**ORDERS** that any such deposition shall be completed within **ten (10) days** of the date of this Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Plaintiff's pending letter motion; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 25, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge