**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MID ATLANTIC FRAMING, LLC,**
on behalf of itself and all other similarly situated
beneficiaries of trust funds received, or to be
received by defendant Varish Construction, Inc.
Under Article 3-A of the New York Lien Law,

       **Plaintiff,**

 vs.               3:13-CV-01376
                   (MAD/DEP)


**AVA REALTY ITHACA, LLC; AVA DEVELOPMENT,
LLC; TOM VARISH,** *individually*; **AJESH PATEL,**
*individually*; **359 HOSPITALITY ASSOCIATES, LLC;
and "JOHN DOE NO. 1" through "JOHN DOE NO. 20"**,
*inclusive, as those persons and entities having an interest in
real property located at 359 Elmira Road, Ithaca, New York,
and being designated as Tax Parcel Nos.: 128.-1-8 and
129.-1-9 on the Land and Tax Map of the City of Ithaca,
Tompkins County, New York, and a portion of Tax Parcel
Nos.: 129-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the
Land and Tax Map of the City of Ithaca, Tompkins County,
New York, and/or the trust funds received, or to be received by
VARISH CONSTRUCTION, INC. for the improvement of
said property*,

       **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **MARCO & SITARAS, PLLC**<br>200 Liberty Street, 27th Floor<br>New York, New York 10218<br>Attorneys for Plaintiff | **GEORGE SITARAS, ESQ.**<br>**PUJA SHARMA, ESQ.** |
| **CORWIN & CORWIN, LLP**<br>600 Unicorn Park<br>Woburn, Massachusetts 01801 | **CHARLES F. AHERN, ESQ.** |

Attorneys for Plaintiff

**COOPER ERVING & SAVAGE, LLP**   **CARLO ALEXANDRE C. de OLIVEIRA, ESQ.**
39 North Pearl Street   **DAVID C. ROWLEY, ESQ.**
4th Floor
Albany, New York 12207
Attorneys for Defendants AVA Realty
Ithaca, LLC, AVA Development, LLC,
and Ajesh Patel

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 29, 2018, the Court (1) denied Defendants AVA Realty Ithaca, LLC, AVA Development, LLC and Ajesh Patel's (collectively "AVA Defendants") motion for summary judgment (Dkt. No. 140), (2) denied Plaintiff's motion for summary judgment (Dkt. No. 141), and (3) granted Plaintiff's motion to strike the Declaration of Tom Varish (Dkt. Nos. 159 & 160). *See* Dkt. No. 161 (the "March Order"). The Court presumes the parties' familiarity with the factual background of this case as detailed in the March Order. *See* Dkt. No. 161. Currently before the Court is the AVA Defendants' motion for reconsideration of the March Order. For the following reasons, the motion for reconsideration is denied.

### II. DISCUSSION

Local Rule 7.1(g) provides as follows, in pertinent part:

> Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.

N.D.N.Y. L.R. 7.1(g).

The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2008 WL 222524, *3 (E.D.N.Y. Jan. 25, 2008) (discussing standards). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). As under the federal rules, the local rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Maye v. New York*, No. 10-cv-1260, 2011 WL 4566290, *2 (N.D.N.Y. Sept. 29,2011) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3); *see also Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) ("A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice."). A motion for reconsideration is not "an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *Drapkin v. Mafco Consol. Group*, 818 F. Supp. 2d. 678, 697 (S.D.N.Y. 2011) (quotation and citations omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably

3

be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). The Second Circuit has warned "that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation and other citation omitted).

The Court finds no justification for revisiting its decisions in the March Order. The AVA Defendants' primary argument in support of their motion for reconsideration is that the Court "overlooked undisputed records . . . which, had they not been overlooked by the Court," would have resulted in a ruling in their favor. *See* Dkt. No. 162-2. Further, the AVA Defendants quote only the language of Rule 403 of the Federal Rules of Evidence for their assertion that the Court "clearly erred" in its finding that the Declaration of Thomas Varish was unfairly prejudicial.[1] The AVA Defendants have pointed to no change in controlling law, no evidence that was unavailable during the consideration of the summary judgment motions, and now simply reargue their unsuccessful motion for summary judgment and Plaintiff's motion to strike. These attempts at a second bite at the apple do not justify reconsideration of the March Order. The Court thoroughly and fully considered these issues in its March Order and declines to do so again here.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

---

[1] The Court disregards the AVA Defendants' arguments regarding admissibility. The March Order granted the motion to strike on the grounds of prejudice, not admissibility.

4

**ORDERS** that the AVA Defendants' motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 3, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge