**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

MID ATLANTIC FRAMING, LLC,
on behalf of itself and all other similarly situated
beneficiaries of trust funds received, or to be
received by Defendant Varish Construction, Inc.
under Article 3-A of the New York Lien Law,

                              **Plaintiff,**

   vs.                                                          3:13-CV-01376
                                                                     (MAD/DEP)

AVA REALTY ITHACA, LLC; AVA DEVELOPMENT,
LLC; TOM VARISH, _individually_; AJESH PATEL,
_individually_; 359 HOSPITALITY ASSOCIATES, LLC;
and "JOHN DOE NO. 1" through "JOHN DOE NO. 20",
_inclusive, as those persons and entities having an interest in
real property located at 359 Elmira Road, Ithaca, New York,
and being designated as Tax Parcel Nos.: 128.-1-8 and
129.-1-9 on the Land and Tax Map of the City of Ithaca,
Tompkins County, New York, and a portion of Tax Parcel
Nos.: 129-1-10.2, 129.-1-1-1, 129.-1-6.2 and 129.-1-7.2 on the
Land and Tax Map of the City of Ithaca, Tompkins County,
New York, and/or the trust funds received, or to be received by
VARISH CONSTRUCTION, INC. for the improvement of
said property_,

                              **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **MARCO & SITARAS, PLLC** | **GEORGE SITARAS, ESQ.** |
| 200 Liberty Street, 27th Floor | **PUJA SHARMA, ESQ.** |
| New York, New York 10218 | |
| Attorneys for Plaintiff | |
| | |
| **CORWIN & CORWIN, LLP** | **CHARLES F. AHERN, ESQ.** |
| 600 Unicorn Park | |
| Woburn, Massachusetts 01801 | |
| Attorneys for Plaintiff | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on November 5, 2013, seeking damages in connection with a construction project in which Plaintiff performed work as a subcontractor of Varish Construction, Inc., together with owner/principal, Tom Varish. *See* Dkt. No. 1. At the time, AVA Realty Ithaca, LLC (together with AVA Development, LLC and Ajesh Patel, collectively the "AVA Defendants") owned the property under construction. *See id.* On August 4, 2015, Plaintiff filed a second amended complaint. *See* Dkt. No. 69. Plaintiff then sought leave to file a third amended complaint on October 31, 2016. *See* Dkt. No. 115. On December 7, 2016, Magistrate Judge Peebles heard oral argument in connection with Plaintiff's motion to amend and to join a party and issued an oral decision denying the motion. *See id.* On September 11, 2017, the Court affirmed Magistrate Judge Peebles' order and granted Plaintiff's motions for default judgment against Defendants Tom Varish and 359 Hospitality Associates, LLC as to the issue of liability. *See* Dkt. No. 151.

In a Memorandum-Decision and Order dated March 29, 2018, the Court denied Plaintiff's and the AVA Defendants' cross motions for summary judgment and granted Plaintiff's motion to strike the Declaration of Tom Varish. *See* Dkt. No. 161 (the "March Order"). On September 14, 2018, the Court granted a joint motion to dismiss the claims between Plaintiff and AVA Defendants, and between Plaintiff and 359 Hospitality. *See* Dkt. No. 208. Currently before the Court is Plaintiff's motion for entry of default judgment as to damages against Defendant Tom Varish, individually ("Defendant"). *See* Dkt. No. 209. For a complete recitation of the relevant

background and legal issues, the Court refers the parties to the March Order. *See* Dkt. No. 161.

## II.  DISCUSSION

**A.     Standard of Review**

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l Grp. Merch. Servs.*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (U.S.A.), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)). However, the Court may also rely solely on "detailed affidavits and documentary evidence" to evaluate the sum of damages in a default judgment, as it does in the current case. *Id.*; *see also*

3

*Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (upholding an award of damages in a default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

**B.     Damages**

*1. Principal Amount*

The New York Court of Appeals has "repeatedly recognized that the 'primary purpose of [A]rticle 3-A and its predecessors [is] to ensure that those who have directly expended labor and materials to improve real property [or a public improvement] at the direction of the owner or a general contractor receive payment for the work actually performed.'" *Aspro Mech. Contracting, Inc. v. Fleet Bank, N.A.*, 1 N.Y.3d 324, 328 (2004) (quoting *RLI Ins. Co. v. N.Y.S. Dep't of Labor*, 97 N.Y.2d 256, 264 (2002)) (internal quotations omitted) (collecting cases). "To ensure this end, the Lien Law establishes that designated funds received by owners, contractors and subcontractors in connection with improvements of real property are trust assets[.]" *Id.* (citation omitted); *see also City of New York v. Cross Bay Contracting Corp.*, 93 N.Y.2d 14, 19 (1999). "Any application of trust assets 'for any purpose other than the trust purposes of that trust' creates civil and potentially criminal liability." *Int'l Bhd. of Elec. Workers Local Union No. 1249 Pension & Ins. Funds v. S. Buffalo Elec., Inc.*, No. 5:15-CV-0682, 2017 WL 2483811, *4 (N.D.N.Y. June 8, 2017) (quoting N.Y. Lien Law § 79-a(1)). Furthermore, it is well settled that "an individual officer of a corporate trustee may be held personally liable for breach of a Lien Law trust" to the extent that the officer is "found to have participated in or known about the use of trust funds for non-trust purposes." *In re Waldron*, No. 13-12190, 2015 WL 6734481, *6 (Bankr. N.D.N.Y. Nov. 3, 2015) (citing cases).

4

"The penalty for a diversion [of trust funds] [i]s recovery of the diverted trust assets from knowing transferees, or damages against consenting trustees or knowing participants in the diversion." *Teman Bros. v. N.Y. Plumbers' Specialties Co.*, 109 Misc. 2d 197, 200 (Sup. Ct., N.Y. Cty. 1981); *see also Schwadron v. Freund*, 69 Misc. 2d 342, 347 (Sup. Ct., Rockland Cty. 1972) ("Having determined that a breach of trust by diversion of trust assets created under Lien Law § 71-a has been proven, the trustee is chargeable with any loss in value of the trust estate resulting from the breach of trust") (citations omitted).

In the present matter, the Court granted Plaintiff's motion for default judgment against Defendant on September 11, 2017 and found Defendant to be individually liable under New York Lien Law for misallocating trust assets that should have been paid to Plaintiff. *See* Dkt. No. 151 at 12-13. Specifically, the Court found Defendant individually liable for "the improper diversion of trust funds, breach of fiduciary duty[,] and constructive fraud under Article 3-A of the New York Lien Law." *Id.* at 12. Plaintiff now seeks a principal amount of $600,960.00 for the unpaid value of the work performed under the contract, prejudgment interest, and punitive damages. *See* Dkt. No. 209-1 at 2.

The Court finds that Plaintiff has satisfied its burden regarding the principal amount sought. Relying on the affidavit and documentary evidence that Plaintiff has provided, the Court finds that Plaintiff is entitled to the principal sum of $600,960.00. *See* Dkt. No. 209-2 at 2. In the affidavit of Gerald Simmer, who works for Plaintiff as Regional Manager of Operations, Mr. Simmer confirms that Defendant's "balance due and owing" to Plaintiff is $600,960.00. *See* Dkt. No. 209-2 at ¶ 4. Plaintiff's four pay applications and Defendant's only payment check, attached as exhibits to Mr. Simmer's affidavit, support this assertion. *See* Dkt. No. 209-2 at 34-43.

Accordingly, the Court grants Plaintiff's motion for default judgment as to the principal amount of $600,960.00.

### *2. Prejudgment Interest Payment*

Moreover, pursuant to the Prompt Payment Act, Plaintiff is also entitled to a prejudgment interest payment. N.Y. Gen. Bus. Law § 756-b(1)(b). The purpose of the Prompt Payment Act is "to expedite payment of all monies owed to those who perform contracting services pursuant to construction contracts." N.Y. Gen. Bus. Law § 756-a; *see also Layout, Inc. v. Heavy Metal Corp.*, No. 16-CV-2531, 2018 WL 2244684, *2 (E.D.N.Y. Apr. 17, 2018) (discussing how the Prompt Payment Act "is designed to provide for the 'prompt payment of employees and contractors engaged in private construction projects'") (quotation omitted). Once a subcontractor has performed its duties under the construction contract, "the contractor shall pay to the subcontractor . . . the full or proportionate amount of funds received from the owner for [the] subcontractor's work and materials based on work or services provided under the construction contract, seven days after receipt of good funds for each interim or final payment[.]" N.Y. Gen. Bus. Law § 756-a(3)(b)(ii). If the contractor fails to pay its subcontractor within this time frame, "the contractor . . . shall pay its subcontractor interest, beginning on the next day, at the rate of one percent a month or fraction of a month on the unpaid balance." N.Y. Gen. Bus. Law § 756-b(1)(b); *see also Innovative Design & Bldg. Servs., LLC v. Arch Ins. Co.*, No. 12-CV-5474, 2014 WL 4770098, *19 (S.D.N.Y. Sept. 23, 2014) (holding that "[f]or construction contracts, the New York state legislature has determined that the amount of prejudgment interest to be applied is 'one percent a month'") (quoting N.Y. Gen. Bus. Law § 756-b(l)(b)); *W & W Glass, LLC v. 1113 York Ave. Realty Co.*, 113 A.D.3d 563, 564 (1st Dep't 2014) (holding that the "[p]laintiff is entitled to interest at the rate of [one percent] per month on any overdue requisition") (citation omitted).

In the present matter, Plaintiff requests that the Court "designate March 1, 2013 as the breach date for the calculation of interest." Dkt. No. 209-1 at 3-4. There are 2,307 days between March 1, 2013 and June 25, 2019. Multiplying the per diem interest payment of $197.57 by the number of days in the prejudgment interval yields a prejudgment interest payment of $455,793.99. Accordingly, the Court grants Plaintiff's motion for default judgment as to a prejudgment interest payment of $455,793.99.

### 3. *Punitive Damages*

The Lien Law expressly grants courts broad authority to impose "[s]uch other and further relief as to the court may seem necessary and proper." N.Y. Lien Law § 77(3)(a)(ix). While courts thus have the discretion to impose punitive damages, "'the Lien Law . . . requires proof of larcenous intent' before punitive damages might be appropriate." *Jorge v. Piola Prop. Mgmt. LLC*, 2017 NY Slip Op 50837, *4 (Sup. Ct., Nassau Cty. 2017) (quoting *ARA Plumbing & Heating Corp. v. Abcon Assocs., Inc.*, 44 A.D.3d 598, 599 (2d Dep't 2007) (internal citation omitted)). Furthermore, "[n]ot every violation of Lien Law [A]rticle 3-A constitutes the criminal offense of larceny." *Id.* "Conclusory statements of [larcenous] intent and knowing diversion of funds for non-trust purposes are insufficient as an indication of such larcenous intent on the part of the defendants." *Id.*

Several New York courts have "recognized that the unauthorized disbursement of trust assets, without satisfying the claims of contractors or subcontractors, constitutes larceny punishable under the Penal Law and 'thus, would clearly satisfy the high threshold of moral culpability necessary to support a punitive damages award.'" *Pinnacle Envtl. Sys. Inc. v. R.W. Granger & Sons Inc.*, 245 A.D.2d 773, 775 (3d Dep't 1997) (quoting *Sabol & Rice, Inc. v. Poughkeepsie Galleria Co.*, 175 A.D.2d 555, 557 (3d Dep't 1991)); *see also In re Waterscape*

7

*Resort LLC*, 520 B.R. 424, 436 (Bankr. S.D.N.Y. 2014) (holding that "allegations that trust funds were diverted to the owner's principals while the claims of contractors, subcontractors and suppliers remained unsatisfied meets the high threshold of moral culpability to support an award of punitive damages"); *Koeniges v. Woodward*, 183 Misc. 2d 347, 358 (Civ. Ct., N.Y. Cty. 2000) (noting that "Lien Law article 3-A provides that a diversion of trust funds constitutes a larceny punishable under the Penal Law"). However, other New York courts have required more probative evidence in order to find larcenous intent under Article 3-A. *See ARA Plumbing & Heating Corp.*, 44 A.D.3d at 599 (reversing the lower court's award of punitive damages because the plaintiff's allegation that the defendant had intentionally and knowingly diverted trust funds before paying the plaintiff was insufficient to demonstrate the defendant's larcenous intent).

In the present matter, the Court previously found Defendant liable for "the improper diversion of trust funds, breach of fiduciary duty[,] and constructive fraud under Article 3-A of the New York Lien Law." Dkt. No. 151 at 13. The Court agrees with the clear weight of New York authority that this conduct, "the unauthorized disbursement of trust assets, without satisfying the claims of . . . subcontractors, constitutes larceny punishable under the Penal Law." *Pinnacle Envtl. Sys. Inc.*, 245 A.D.2d at 775 (quotation omitted). Nevertheless, for the reasons discussed directly below, the Court declines to exercise its discretion to award punitive damages in the present matter. N.Y. Lien Law § 77(3)(a)(ix).

"[P]unitive damages are an extraordinary sanction." *Farb v. Baldwin Union Free Sch. Dist.*, No. 05-CV-0596, 2010 WL 11623589, *6 (E.D.N.Y. Feb. 3, 2010) (quoting *Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 883 (2d Cir. 1988). "Punitive damages 'may only be awarded[, at the court's discretion,] for exceptional misconduct.'" *Cadogan Mgmt., LLC v. Wright*, 2011 NY Slip Op 52544, *8 (Sup. Ct., N.Y. Cty. 2011) (quoting *Sharapata v. Islip*, 56

N.Y.2d 332, 452 (1982) (internal citations omitted)). "Under New York law, whether to award punitive damages and how much to award are 'primarily questions which reside in the sound discretion of the original trier of the facts.'" *Greenbaum v. Handelsbanken*, 67 F. Supp. 2d 228, 267 (S.D.N.Y. 1999) (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 503 (1978)); *see also Levi v. Commonwealth Land Title Ins. Co.*, No. 09-CV-8012, 2013 WL 5708402, *10 (S.D.N.Y. Oct. 21, 2013) (holding that the "[i]mposition of punitive damages is discretionary, not mandatory") (citation omitted).

In determining punitive damages, the Court may consider the "defendant's financial wealth or assets[] and the degree of deterrent resulting from a punitive award." *Doe v. HRH Prince Abdulaziz Bin Fahd Alsaud, Saudi Oger Ltd.*, No. 13-CV-571, 2017 WL 4541426, *6 (S.D.N.Y. Oct. 10, 2017) (quoting *Offei v. Omar*, No. 11-CV-4283, 2012 WL 2086294, *7 (S.D.N.Y. May 18, 2012)); *see also Sung-Ho Hwang v. Grace Rd. Church*, No. 14-CV-7187, 2018 WL 4921638, *8 (E.D.N.Y. Aug. 10, 2018). "The wealth of a defendant is material to the assessment of punitive damages." *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 256 A.D.2d 269, 271 (1st Dep't 1998) (quoting *Rupert v. Sellers*, 48 A.D.2d 265, 271-272 (4th Dep't 1975)). "[A] defendant's ability to pay impacts whether [punitive] damages are sufficient to function as a punishment and a deterrent." *Koch v. Greenberg*, 14 F. Supp. 3d 247, 275 (S.D.N.Y. 2014) (citing *Greenbaum*, 67 F. Supp. 2d at 267).

In the present matter, the Court declines to exercise its discretion to award punitive damages. *See Nardelli*, 44 N.Y.2d at 503. Plaintiff will receive compensation for the unpaid value of the work performed under the construction contract, as well as a substantial prejudgment interest payment, together amounting to total damages of $1,056,793.99, well over one million dollars. Furthermore, Defendant's bankrupt state makes the marginal punitive or deterrent value

of any additional damages doubtful at best. *See* Dkt. No. 60. Thus, "[f]rom the Court's perspective, to add on punitive damages on top of this when [d]efaulted Defendant[] ha[s] already been punished by having [his] pleadings stricken and a default entered against [him] would be an abuse of discretion." *Cortis, Inc. v. Cortislim Int'l, Inc.*, No. 3:12-CV-0562-B, 2016 WL 6330579, *8 (N.D. Tex. July 22, 2016).

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Mid Atlantic's motion for entry of default judgment as to damages for the principal amount due Mid Atlantic and for prejudgment interest (Dkt. No. 209) is **GRANTED**; and the Court further

**ORDERS** that Mid Atlantic's motion for entry of default judgment as to punitive damages is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Mid Atlantic's favor against Defendant Tom Varish in the amount of $1,056,793.99; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 25, 2019
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge